IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMANDA SCOWDEN,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,

    Defendant.

:
:
:
:
:

Case No. 3:16-cv-155

JUDGE WALTER H. RICE

MAGISTRATE JUDGE
SHARON L. OVINGTON

---

DECISION AND ENTRY ADOPTING REPORT AND
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE
(DOC. #13), AND OVERRULING OBJECTIONS OF DEFENDANT
NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL
SECURITY, TO SAID JUDICIAL FILING (DOC. #14); JUDGMENT TO BE
ENTERED IN FAVOR OF PLAINTIFF AMANDA SCOWDEN AND
AGAINST THE DEFENDANT COMMISSIONER, REVERSING THE
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE
SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE
TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF
42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; TERMINATION
ENTRY

---

Plaintiff Amanda Scowden ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On July 25, 2017, Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #13, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301

*et seq.*, be vacated, and remanded to the Commissioner for further proceedings. Based upon reasoning and citations of authority set forth below, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations, Doc. #13, and OVERRULES the Commissioner's Objections, Doc. #14, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, as not supported by substantial evidence, and remanding the matter to the Commissioner under the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendations and this Entry.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938)). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human*

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

*Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Commissioner's Administrative Law Judge ("ALJ") gave little weight to the opinions of Vinod Patwa, M.D., Plaintiff's treating psychiatrist, and Sally Benner, PCC, Plaintiff's treating therapist. Doc. #6, PAGEID #71-72. Yet, as the Magistrate Judge notes, the ALJ did not provide good reasons for rejecting these opinions, and her failure to do so necessitates reversal. Doc. #13, PAGEID #608-09. For instance, the ALJ concluded that Benner and Patwa's opinions that Plaintiff "would likely miss three or more days of work per month due to mental impairment and/or treatment is entirely speculative and is without foundation in the medical record." Doc. #6, PAGEID #71. Yet, the ALJ fails to cite any evidence of record that is inconsistent with such limitations beyond a reference to Plaintiff's "work history and mental health treatment records as detailed above[,]" *id*, which is itself bereft of any context. While the Commissioner is correct that the ALJ need not engage in an exhaustive, factor-by-factor evaluation of an opinion of record, Doc. #14, PAGEID #614-15 (citing *Francis v. Comm'r of Soc. Sec.*, No. 09-6263, 414 F. App'x 802, 804 (6th Cir. 2011)), the ALJ must nonetheless provide some insight into her decision to discount Benner and Patwa's opinions. Her failure to provide good reasons, especially as to Patwa, Plaintiff's treating physician, is grounds

4

for remand. *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) (quoting *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

2.  The ALJ's other errors in her evaluation of Benner and Patwa's opinions mean that, for several reasons her decision did not comply with the Commissioner's own rules and regulations. First, the ALJ's primary reason for discounting Benner's opinion appears to be that she is not an acceptable medical source. Doc. #6, PAGEID #71. In so concluding, the ALJ states that information from non-medical sources, such as therapists, "does not equal in probative value reports from those medical sources shown as being acceptable[.]" *Id.* (citing 20 C.F.R. §§ 404.1513, 404.1527). Yet, while an acceptable medical source is required to establish an impairment, 20 C.F.R. § 404.1513(a), that does not mean that an opinion from a non-acceptable source could never receive equal weight to that of an acceptable source. Indeed, the Commissioner's own rule states that "an opinion from a medical from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source." Doc. #13, PAGEID #604 (quoting Soc. Sec. R. 06-03p, 2006 WL 2329939, at *5 (Aug. 9, 2006)).[2] As Benner had been Plaintiff's therapist since at least February 2005, Doc. #6 PAGEID #70, the ALJ's cursory dismissal of Benner's opinion was particularly inadequate.

Second, the ALJ discounted Benner and Patwa's opined limitations in part because, while Plaintiff had been hospitalized in June 2012 for mental health issues,

---

[2] "Soc. Sec. R. 06-03p was rescinded by Federal Register Notice Vol. 82, No. 57, page 15263, effective March 27, 2017. At the time of the ALJ's decision in this case, Soc. Sec. R. 06-03p was still in effect." Doc. #13, PAGEID #604 n.2.

5

"[t]he possibility of non-compliance with use of prescribed medication was suggested as the possible etiology of this episode." Doc. #6, PAGEID #71 (citation omitted). Yet, there is nothing in the decision that suggests that the ALJ considered whether Plaintiff "ha[s] an acceptable reason for failure to follow prescribed treatment." 20 C.F.R. § 404.1530(c). Her failure to do so means that any such failure may not serve as the basis for according little weight to Benner and Patwa's opinions.

Finally, the ALJ stated that "for the reasons set forth above," in her discounting of Benner's opinion, "the opinion evidence supplied by Dr. Patwa is viewed with similar skepticism." Doc. #6, PAGEID #71-72. As the Magistrate Judge correctly concludes, this statement makes little sense, as Patwa was Plaintiff's treating psychiatrist whose opinion had to be evaluated under the treating physician rule. Doc. #13, PAGEID #606 (Soc. Sec. R. 96-2p, 1996 WL 374188, at *5 (Jul. 2, 1996)); see also 20 C.F.R. § 404.1527(c)(2) (description of treating physician rule). Thus, the Court adopts the Magistrate Judge's findings that the ALJ failed to provide good reasons for discounting Benner and Patwa's opinions, and that her failure to do so is reversible error.

3. Although the ALJ did not provide good reasons for discounting Benner and Patwa's opinions, she did discuss other evidence of record—including, but not limited to, the opinions of Jerry Flexman, Ph.D., the Commissioner's examining psychologist, and Kristen Haskins, Psy.D., and Mel Zwissler, Ph.D., the Commissioner's record-reviewing psychologists—that did not indicate Plaintiff's mental impairments were so severe that they would prevent her from working. Doc. #6, PAGEID #72-73, 75-77 (citations omitted). Proof of Plaintiff's disability is not overwhelming; nor is the
6

evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Thus, remand for further proceedings, rather than an immediate award of benefits, is appropriate.

WHEREFORE, based upon the aforesaid, this Court adopts in full the Report and Recommendations of the United States Magistrate Judge, Doc. #13, and overrules the Commissioner's objections to said judicial filing. Doc. #14. Judgment shall enter in favor of Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further proceedings consistent with the Report and Recommendations and this Entry.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 21, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE